# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **SILPADA DESIGNS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 04-2302-CM** |
| ) | |
| **TIMOTHY R. O'MALLEY and** ) | |
| **SHIRLEY O'MALLEY, d/b/a/** ) | |
| **MRSHIRLEYS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Silpada Designs, Inc., filed the instant suit against defendants Timothy and Shirley O'Malley for trademark infringement and false advertising. This matter is before the court on plaintiff's Motion for Default Judgment (Doc. 20).

## I.    Background

Plaintiff is located in Stilwell, Kansas and operates a business through which it sells, among other things, jewelry. Plaintiff's jewelry is advertised on its website at www.silpada.com. Silpada owns federal trademark registrations and applications for its Silpada marks, including "SILPADA" and "SILPADA DESIGNS." Defendants[1] are residents of Minnesota. According to documents filed with the State of Minnesota, defendants operate a business under the name "MrShirleys."

---

[1] The court will refer to Timothy and Shirley O'Malley as "defendants," even though Timothy O'Malley is in default for failure to respond to the Complaint.

Plaintiff claims that defendants' domain name, silpadastyle.com, has caused and is likely to cause confusion as to the source of plaintiff's goods. Plaintiff contends that defendants' website contains the keyword "Silpada" in its metatags and that defendants display the term SILPADA or SILPADASTYLE as trademarks throughout their website. Plaintiff also asserts that defendants' eBay auction listings contain or have contained the following keywords in its metatags: silpada, silpada savings, silpada style, and silpada designs, and that the auction listings have improperly used the trademark SILPADA in the title of the auctions, when, at times, no genuine Silpada goods were being sold.

## II. Procedural History

On November 23, 2004, the court ordered defendants to show cause why default judgment should not be taken against them. The basis for the court's order to show cause was defendants' failure to appear at a telephone scheduling conference set for November 10, 2004, pursuant to the Initial Order Regarding Planning and Scheduling. The court also attached the Declaration of Cheryl L. Burbach (Exhibit 1), which was submitted in conjunction with the Report of Parties' Planning Conference. The Declaration details defendants' systematic refusal to participate in this lawsuit, failure to comply with this court's orders, failure to communicate with plaintiff's counsel, and failure to serve plaintiff's counsel with pleadings.

Defendants responded to the court's order to show cause, but provided no legitimate basis for defendants' failure to participate in this litigation as required by the Federal Rules of Civil Procedure. Plaintiff has now moved for default judgment, seeking a permanent injunction.

At this juncture, the court is unwillimg to enter default judgment against defendants, although the court has this discretion under Federal Rules of Civil Procedure 16 and 37.  Rather, in lieu of entering default judgment, the court sanctions defendants' conduct by issuing a preliminary injunction.  Unless and until defendants begin to meaningfully participate in this lawsuit, defendants are temporally enjoined from using the trademark SILPADA, SILPADA DESIGNS, PILSADA, SILPADASTYLE, any of plaintiff's trademarks or any colorable variation thereof in connection with jewelry or other confusingly similar goods or services, or otherwise infringing plaintiff's trademarks.  The court further temporaily directs defendants that the term "silpada", "silpada designs," "silpada savings," "pilsada," "silpadastyle," any of plaintiff's trademarks or any colorable variation thereof be removed from defendants' web site and auction listings, including in the text, url address or metatags of defendants' web site.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Default Judgment (Doc. 20) is denied.  However, the court issues a preliminary injunction in accordance with the above-mentioned conditions to remain in effect until further order of this court.

Dated this   6   day of January 2005, at Kansas City, Kansas.

                **s/ Carlos Murguia**
                **CARLOS MURGUIA**
                **United States District Judge**