# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SILPADA DESIGNS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 04-2302-CM |
| ) | |
| **TIMOTHY R. O'MALLEY and** ) | |
| **SHIRLEY O'MALLEY, d/b/a** ) | |
| **MRSHIRLEYS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Three times, Magistrate Judge Waxse has ordered defendant Shirley O'Malley[1] to show good cause why the court should not enter default judgment against her for failure to participate in telephone scheduling conferences. The first time, the court declined to enter default judgment, but entered a preliminary injunction as a form of sanctions against defendant. The second time, the court again declined to enter default judgment, but instructed defendant that she should participate in a scheduling conference to be scheduled by Judge Waxse. The court also specifically advised defendant in bold type that "**if [she] does] not participate in the conference, the court will likely enter default judgment against [her].**" Judge Waxse, in his Third Order Regarding Planning and Scheduling, set the telephone scheduling conference for December 8, 2005 at 11:00 a.m., and reminded defendant that if she failed to comply with the order, default judgment may be entered against her.

---

[1] Defendant Timothy O'Malley is in default, which the Clerk appropriately entered on September 13, 2004.

Defendant failed to appear for the third scheduling conference. She has now failed to respond to Judge Waxse's order to show cause to the court why default judgment should not be entered against her in this action.

The court finds that sanctions in the form of entry of default are now appropriate. Rule 16(f) of the Federal Rules of Civil Procedure provides that the court may sanction a party if she fails to obey a scheduling order, or if she fails to appear at a scheduling conference. Rule 55 authorizes the entry of default when a defendant fails to plead or otherwise defend an action and that fact has been made apparent to the court.

Default judgment, which may be entered after default is entered, is also available as a sanction. *Fin Instruments Group, Ltd. v. Leung*, 30 Fed. Appx. 915, 919 (10th Cir. 2002). But "[b]ecause a default judgment is a harsh sanction, due process requires that 'failure' is a sufficient ground only when it is the result of 'willfulness, bad faith, or [some] fault of petitioner' rather than inability to comply." *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987) (citations omitted). A willful failure is "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987) (citations omitted).

The court finds that defendant has failed to participate in this case on multiple occasions. The court further finds that her nonparticipation has been a conscious, willful choice. Until the latest order to show cause, plaintiff responded to the orders to show cause with reasons why she refused to participate in the case. The court has previously informed defendant that her reasons were invalid. The court has given her several chances to take part in the action, and finds that further opportunities would not be fruitful. Moreover, the court has already imposed lesser sanctions to no avail, in the form of a preliminary

injunction. On this record, the court is compelled to enter a default. After a hearing on damages, the court intends to enter judgment for plaintiff.

**IT IS THEREFORE ORDERED** that the Clerk of the Court make an entry of the default of defendant Shirley O'Malley pursuant to Fed. R. Civ. P. 55.

**IT IS FURTHER ORDERED** that, before the court enters judgment for plaintiff, the court will conduct a hearing on damages on March 1, 2006 at 9:30 a.m. Plaintiff should submit any evidence it intends to present in support of damages by February 17, 2006.

Dated this 6th day of February 2006, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**