IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SILPADA DESIGNS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 04-2302-CM |
| ) | |
| TIMOTHY R. O'MALLEY and ) | |
| SHIRLEY O'MALLEY, d/b/a ) | |
| MRSHIRLEYS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Silpada Designs, Inc. brings this action seeking injunctive relief and damages against defendants Timothy R. O'Malley and Shirley O'Malley, d/b/a MrShirleys, for trademark infringement, false advertising, violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), and unfair competition. The court entered default judgment on the issue of liability against defendant Timothy O'Malley on September 13, 2004, and against defendant Shirley O'Malley on February 6, 2006. The court held a hearing on damages on April 19, 2006, which all parties attended. The allegations in plaintiff's complaint are deemed true, and the court makes the following findings of fact and conclusions of law with respect to damages.

In approximately September 1997, plaintiff began using the trademarks Silpada and Silpada Designs in connection with jewelry sales. Plaintiff sells jewelry through the party plan direct sales business model—independent sales representatives sell plaintiff's jewelry through home parties.

Defendants Shirley and Timothy O'Malley, husband and wife, are residents of Minnesota and, at all times relevant to this proceeding, did business as "MrShirleys." Defendants sold a variety of jewelry through eBay auctions and their own web site. In connection with the sale of the jewelry,

defendants used the terms Silpada, Silpada Savings, Silpadastyle, and Pilsada, among others. Defendants used these marks to sell jewelry that is not Silpada jewelry and to attract internet users to their auction and web sites. In addition, defendants made false statements indicating that the non-Silpada pieces were nevertheless "identical" or "exactly identical" to Silpada jewelry, and came "from the same designers and manufacturers" as plaintiff's jewelry.

**A.  Damages For Trademark Infringement, Unfair Competition and False Advertising**

Defendants have committed trademark infringement of a registered mark, used a false designation of origin, and made false statements about their products and plaintiff's products. Under 15 U.S.C. § 1117, plaintiff is entitled to defendants' profits and plaintiff's damages, which may be trebled.

Defendants have repeatedly failed to participate in this case. By refusing to participate, defendants have effectively denied plaintiff the opportunity for discovery on profits. Plaintiff did, however, take some discovery of third parties, and learned that defendants had gross receipts from their auction sites of $14,908.69.[1]  15 U.S.C. § 1117(a) provides that a plaintiff need only introduce gross receipts, and it is then up to the defendant to provide evidence of expenses that may be deductible in a calculation of profits. Defendants failed to provide the court with evidence of

---

[1] The court calculated this number by using the following: (1) sales from Exhibit 24, totaling $16,086.16; (2) sales appearing in PayPal records but not eBay records from Exhibit 25, totaling $3,832.13; and (3) sales not appearing on PayPal or eBay from Exhibit 25, totaling $638.07. The court subtracted $5,647.67 from Exhibit 24's total of $16,086.16 because that was the total amount of sales with no apparent high bidder—where the high bidder column states "NO RECORD FOUND." Plaintiff's witness Katie Bray testified that she thought that "NO RECORD FOUND" meant that the eBay record was incomplete, but the court finds that it meant that the item did not sell. The court also did not use the first three pages of Exhibit 25, which were sales appearing in eBay records but not PayPal records. The court finds that this amount, $2,869.45, represents sales duplicated in Exhibit 24. The court also did not include $44.46 from Exhibit 23, which appears to represent defendants' own purchases.

deductible expenses, but repeatedly insisted that they did not make any profit as MrShirleys. The court has discretion to adjust plaintiff's amount of recovery if such amount is "either inadequate or excessive." 15 U.S.C. § 1117(a). Although defendants did not meet their burden of showing any deductions that should be made from their gross receipts, the court finds that a recovery of nearly $15,000 would be excessive. The court finds defendants' statements that they did not make any profit partially credible, and therefore reduces plaintiff's recovery for the profits of defendants by half, and awards plaintiff $7,500 for defendants' profits.

Plaintiff also offered evidence that defendants injured plaintiff through their infringement and false advertising. Plaintiff claims that it lost between $192,000 and $256,000 by losing four independent representatives who would have stayed active but for defendants' conduct. The court finds that plaintiff has not shown that defendants' actions caused plaintiff's representatives to resign, and awards no damages to compensate plaintiff for the resignation of its representatives.

## B. Statutory Damages for Violation of the ACPA

The court also entered default judgment against defendants on the ACPA claim, which alleged that defendants registered and used the domain name silpadastyle.com. The ACPA authorizes a variety of remedies, including actual damages or remedial damages, attorney fees, injunctive relief and transfer of the domain name at issue. Statutory damages, if elected by the plaintiff before final judgment, range from "not less than $1,000 and not more than $100,000 per domain name, as the court considers just." 15 U.S.C. § 1117(d).

The statutory damage provisions of the ACPA "are akin to the statutory damages provisions of the copyright laws." *E. & J. Gallo Winery v. Spider Webs Ltd.*, 286 F.3d 270, 278 (5th Cir. 2002) (citation omitted). Statutory damages serve both to "'deter wrongful conduct and to provide adequate remedies of trademark owners who seek to enforce their rights in court.'" *Pinehurst, Inc.*

3

*v. Wick*, 256 F. Supp. 2d 424, 432 (M.D.N.C. 2003) (quoting S. Rep. No. 106-140, at 8 (1999)); *see also E. & J. Gallo Winery*, 286 F.3d at 278.  The court need not consider the duration of the conduct when calculating a statutory damage award.  *Shields v. Zuccarini*, 254 F.3d 476, 497 (3d Cir. 2001).

Where the defendant has been a competitor or sold competitive goods, courts have awarded significant statutory damage awards.  *See, e.g., Graduate Mgmt. Admission Council v. Raju*, 267 F. Supp. 2d 505, 512–13 (E.D. Va. 2003) (awarding $100,000 per domain name); *Petmed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1220–22 (S.D. Fla. 2004) (awarding $50,000 per domain name).  Even in cases not involving direct competitors, courts have been generous with statutory damage awards.  *See, e.g., E. & J. Gallo Winery*, 286 F.3d at 278 (awarding $25,000 where non-competitor defendant put plaintiff "at a risk of losing business and having its business reputation tarnished"); *Pinehurst*, 256 F. Supp. 2d at 432–33 (awarding $50,000 per domain name where a non-competing defendant's purpose in violating the ACPA was to "'mess' with corporate America").

In this case, defendants registered the domain name silpadastyle.com after receiving a cease-and-desist letter from plaintiff's counsel.  In a post-trial brief, defendants claim that they never used the domain name.  The evidence in this case, however, shows that defendants offered jewelry for sale through the website found at www.silpadastyle.com, using plaintiff's trademarks in the domain name, in metatags, and in the text of the website.  The evidence further indicates that defendants offered jewelry for sale on www.silpadastyle.com well after plaintiff brought this case.  Under these circumstances, the court finds a just award to be $10,000, taking into consideration all facts and circumstances of this violation of the ACPA.

**C.     Attorney Fees**

Plaintiff also seeks attorney fees totaling over $65,000.  15 U.S.C. § 1117 allows an award of reasonable attorney fees for violations of 15 U.S.C. § 1125 (a), (c) or (d) in "exceptional cases."  An "exceptional case" is one where the trademark infringement can be characterized as "malicious, fraudulent, deliberate or willful."  *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1232 (10th Cir. 2000).  "Succinctly put, an exceptional case . . . is one in which the party's behavior went beyond the pale of acceptable conduct."  *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 877 (8th Cir. 1994).

This is an exceptional case.  There is evidence indicating that defendants' conduct was willful and deliberate.  When plaintiff's counsel told defendants to stop infringing plaintiff's marks, defendants not only continued to do so, but also committed a violation of the ACPA.  Defendants then refused to follow the orders of the court, failed to cooperate with plaintiff's counsel, and failed to otherwise meaningfully participate in this litigation.  A defendant's deliberate misconduct during the litigation may also justify an award of attorney fees.  *See Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221–22 (2d Cir. 2003); *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 279 (3d Cir. 2000); *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 170 (S.D.N.Y. 1999) ("'[D]efendant's conduct with respect to the litigation has caused needless expense for the plaintiff and unnecessarily consumed a great deal of the Court's time.'" (citation omitted)).

In addition, plaintiff is independently entitled to attorney fees under the ACPA.  Attorney fees are awarded under the ACPA where a defendant acts willfully and in bad faith.  *Shields*, 254 F.3d at 487–88; *PetMed Express*, 336 F. Supp. 2d at 1222.  The court finds that defendants acted willfully and in bad faith in registering and using the silpadastyle.com domain name.  By the time defendants registered silpadastyle.com, plaintiff's attorney had already contacted defendants several

5

times and informed them that their use of plaintiff's trademarks was not fair use. And as mentioned before, although defendants claim that they only registered the domain name but did not use it, the evidence indicates otherwise.

The court therefore finds that plaintiff is entitled to reasonable attorney fees. At this time, however, the court cannot determine what a "reasonable" amount is. The court does not know the hourly rate that plaintiff's attorneys charged or the number of hours they spent on this case. And the court has nothing to compare those hours or rates to. Plaintiff shall provide evidence supporting its claim for reasonable attorney fees within fourteen days of the date of this order, and defendants may contest the reasonableness of plaintiff's submissions within fourteen days of the date plaintiff files its evidence. No reply shall be filed.

**D.     Post-Judgment Interest**

The court awards plaintiff post-judgment interest, which "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. §1961(a). "Such interest shall be calculated from the entry of the judgment at a rate equal to the weekly average 1-year constant maturity Treasury Yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.*

**E.     Injunctive Relief**

In accordance with 15 U.S.C. §1116, the court enjoins defendants from further use of the term Silpada, alone or in conjunction with other terms, in connection with the sale of jewelry or as part of a domain name. The court permanently enjoins defendants from making false statements about their products, including but not limited to claiming that they are identical to, the same as, or from the same sources as plaintiff's jewelry. An injunction will help prevent public confusion created by defendants' infringement, false advertising, and violation of the ACPA.

6

**IT IS THEREFORE ORDERED** that plaintiff is awarded judgment in the amount of $7,500 against defendants jointly and severally.

**IT IS FURTHER ORDERED** that plaintiff is awarded statutory damages in the amount of $10,000 against defendants jointly and severally.

**IT IS FURTHER ORDERED** that plaintiff's request for attorney fees is granted.  Plaintiff is ordered to submit evidence demonstrating the reasonableness of requested attorney fees within fourteen days of the date of this order.  Defendants may contest the reasonableness of plaintiff's submissions within fourteen days of the date plaintiff files its evidence.  No reply shall be filed.

**IT IS FURTHER ORDERED** that plaintiff is awarded post-judgment interest as provided by 28 U.S.C. §1961(a) against defendants jointly and severally until the monetary portion of the judgment is paid in full.

**IT IS FURTHER ORDERED** that the preliminary injunction entered on January 6, 2005 is made permanent. Pursuant to 15 U.S.C. §1116, defendants, their agents, servants, employees, successors, assigns and all persons in active concert with any of them are hereby permanently enjoined from: (1) any further use of the terms Silpada, Silpada Designs, Pilsada, Silpadastyle, any of plaintiff's trademarks, or any colorable variation thereof in connection with jewelry or other similar or related goods or services, or otherwise infringing plaintiff's trademarks; (2) making any false statements about their jewelry, including that it is identical to, the same as or from the same designers as Silpada jewelry; and (3) use of the terms Silpada, Silpada Designs, Silpada Savings, Pilsada, Silpadastyle, or any of plaintiff's trademarks or colorable variations thereof in connection with any commercial web sites and auction listings, including in the text, url address, domain names or metatags.

Dated this 19th day of October 2006, at Kansas City, Kansas.

                **s/ Carlos Murguia**
                **CARLOS MURGUIA**
                **United States District Judge**