## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SILPADA DESIGNS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 04-2302-CM |
| ) | |
| TIMOTHY R. O'MALLEY and ) | |
| SHIRLEY O'MALLEY, d/b/a ) | |
| MRSHIRLEYS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

On October 19, 2006, this court entered an order finding that plaintiff Silpada Designs, Inc. is entitled to attorney fees in this case. The court ordered plaintiff to submit evidence demonstrating the reasonableness of requested attorney fees, and plaintiff responded by filing a Motion for Attorneys' Fees (Doc. 57). Defendant Shirley O'Malley then filed a Motion for Denial of Attorney's Fees and New Damages Hearing (Doc. 59). Although she attempted to file the response on behalf of Timothy O'Malley and MrShirleys, because she proceeds *pro se*, she may only file the motion on behalf of herself.

### I. Motion for Attorneys' Fees

The court follows a two-step process to calculate an award of reasonable attorney fees. First, the court multiplies the number of hours reasonably expended by a reasonable hourly fee, resulting in the "lodestar" amount. *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for attorney fees "bears the burden of . . . documenting the appropriate hours expended and the hourly rate." *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998). The lodestar figure "is the presumptively

reasonable fee." *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994). Second, the court may adjust the lodestar upward or downward as necessary. *Blum*, 465 U.S. at 888.

## A. Lodestar Amount

### 1. *Number of Hours Reasonably Expended*

To satisfy its burden, the party requesting fees must submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case*, 157 F.3d at 1250 (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)). "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998). The court will reduce the hours claimed if the attorneys' records are inadequate or fail to precisely document the time necessary to complete specific tasks. *Hensley*, 461 U.S. at 433–34; *Case*, 157 F.3d at 1250.

Defendant Shirley O'Malley does not specifically challenge the reasonableness of the hours that plaintiff's counsel spent on this case. The court has reviewed the records submitted by plaintiff's counsel. The attorneys and paralegals kept meticulously-detailed contemporaneous time records of their work. Counsel wrote off portions of time and redacted their bills appropriately. The court can determine from the detailed description of each task that the amount of time spent on that task was reasonable under the circumstances. Notably, it was defendants' repeated refusal to participate in this case that necessitated that plaintiff's counsel spend more time on the case than they otherwise might have. Based on the time records submitted by plaintiff, the court finds that the total of 392.2 hours spent is reasonable.

*2. Reasonable Hourly Rate*

Defendant Shirley O'Malley does not specifically challenge the reasonableness of plaintiff's counsel's hourly rates. The court finds, based on the evidence submitted by plaintiff as well as the court's own knowledge of prevailing rates charged by attorneys in the Kansas City area, that the hourly rates charged are reasonable based on the professional skills, experience, and reputation of the attorneys, particularly regarding the intellectual property rights involved in this case. Based on these rates, as well as the reasonable hours set forth above, the court arrives at a lodestar figure of $76,027.50.

**B. Lodestar Adjustment**

Defendant Shirley O'Malley has given the court no reason to adjust the lodestar, and the court finds none. The court finds the lodestar amount commensurate with the success that plaintiff achieved in this case. After attempting to litigate its claims for over two years, plaintiff ultimately received default judgment on all of its claims and defeated defendants' repeated challenges to service. The court awarded all of the injunctive relief that plaintiff sought, as well as substantial statutory and compensatory damages. Moreover, the issues raised in the case, while not primarily intellectual property issues, were often novel and difficult. The lodestar amount is also a fair and reasonable amount in relation to defendants' conduct in this case and the impact that their conduct had on plaintiff's counsel's actions. For all of these reasons, the court finds that the lodestar is reasonable. Plaintiff is entitled to recover all of its attorney fees.

**C. Expenses**

Plaintiff seeks $7,334.55 in expenses. $5,000 of the amount is for "Heartland Investigative Group." As to this particular expenses, plaintiff has not given the court a way to evaluate whether it is reasonable. The court does not know why the Heartland Investigative Group was utilized, how

3

much work it did, or whether it charged reasonable prices.  Plaintiff has failed to meet its burden with respect to Heartland Investigative Group, and the court will therefore disallow recovery of $5,000 of the expenses.

The remainder of the expenses consist of other miscellaneous expenses, including about $1,000 in Westlaw research charges and slightly over $250 in Federal Express charges.  The court finds the Westlaw charges reasonable in terms of the research involved in the issues of this case, and the Federal Express charges reasonable because they were made necessary by defendants' conduct in this case.  The remaining charges for copying, subpoenas, service, couriers, and court costs are reasonable, as well.  The court therefore finds that $2,334.55 of plaintiff's expenses are recoverable.

## II.  Motion for Denial of Attorney's Fees and New Damages Hearing

Defendant Shirley O'Malley asks the court to deny plaintiff's motion for attorney fees.  For the reasons stated above, that portion of her motion is denied.  To the extent that Ms. O'Malley's motion can be construed as a motion for the court to reconsider its October 19, 2006 decision to award attorney fees, the court denies it both as untimely and for failure to raise any issues justifying relief.

Ms. O'Malley also makes unsubstantiated allegations of wrongdoing by court staff and repeats an earlier request that she made for a new damages hearing.  Ms. O'Malley's allegations of wrongdoing are unfounded and unsupported, and her request for a new damages hearing is denied for the same reasons given in the court's July 27, 2006 order.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Attorneys' Fees (Doc. 57) is granted.  Plaintiff is awarded attorney fees and expenses in the amount of $78,362.05 against defendants jointly and severally.

**IT IS FURTHER ORDERED** that defendant Shirley O'Malley's Motion for Denial of

4

Attorney's Fees and New Damages Hearing (Doc. 59) is denied.

Dated this <u>24th</u> day of April 2007, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**